IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REGINALD P. PURNELL,**

      Petitioner,

vs.                                         Civil Action 2:07-CV-1050
                                              Criminal No. 2:05-CR-192(2)
                                              Judge Marbley
                                              Magistrate Judge King

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was denied by this Court on June 4, 2009. *Order*, Doc. No. 103. This Court thereafter denied petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), *Order*, Doc. No. 112, and the United States Court of Appeals for the Sixth Circuit affirmed that decision. *Purnell v. United States of America*, Case No. 10-3226 (6th Cir. Aug. 27, 2012). This matter is now before the Court on petitioner's October 12, 2012 motion for relief "from unconstitutional and void judgment or order denying § 2254/§ 2255 motion." Doc. No. 136.

A true Rule 60(b) motion does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). Where "[a] Rule 60(b) motion . . . attempts 'to add a new ground for relief '[it] is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzales*, 545 U.S. at 532). A Rule 60(b) motion

that attacks the resolution of a former claim on the merits will also be considered a § 2255 motion to vacate. *Id.* at 1023. A successive motion to vacate that is simply labeled a Rule 60(b) motion must be transferred to the Court of Appeals. 28 U.S.C. § 2244(h); 28 U.S.C. § 1631; *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

In his current Rule 60(b) motion, petitioner seeks to assert claims not previously raised in his § 2255 motion to vacate. Therefore, the motion is effectively a successive motion under § 2255 regardless of the label provided by petitioner. This Court lacks authority to consider petitioner's motion absent authorization by the United States Court of Appeals for the Sixth Circuit.

This matter is therefore **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive motion to vacate under 28 U.S.C. § 2255.

                                                                            Algenon L. Marbley
                                                                      United States District Judge